UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES THOMAS, Plaintiff, v. DR. EDMUND ALVARADO, ERIK KOLBERG, MARIA ANNUNZIATA, Defendants. | Case No.: 25cv3521-LL-JLB<br>**ORDER**<br>**(1) GRANTING IN FORMA PAUPERIS APPLICATION; AND**<br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915**<br>**[ECF No. 2]** |

Before the Court is Plaintiff James Thomas' Motion to Proceed In Forma Pauperis ("IFP"). ECF No. 2. On December 11, 2025, Plaintiff, proceeding pro se, filed a Complaint [ECF No. 1] and the instant motion. For the reasons below, the Court **GRANTS** Plaintiff's IFP Motion and **DISMISSES** Plaintiff's Complaint for failure to state a claim.

/ / /

/ / /

/ / /

## I. IFP MOTION

A plaintiff may commence an action without paying the filing fees where he submits an affidavit stating that he lacks sufficient funds. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that an affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1126, 1234 (9th Cir. 2015) (internal citation omitted). Nevertheless, a plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). While the IFP statute does not itself define what constitute insufficient assets, "[o]ne need not be absolutely destitute" to proceed IFP. *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960).

Plaintiff's only source of income is disability and welfare benefits; and after paying for his monthly rent, Plaintiff is left with less than $100. ECF No. 2 at 2, 5. Under these circumstances, the Court finds Plaintiff unable to pay the Court's filing fees without impairing his ability to provide himself the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Accordingly, the Court finds **GRANTS** Plaintiff's IFP Motion.

## II. SCREENING OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915

The Court must screen every civil action proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (noting that "section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d

1108, 1112 (9th Cir. 2012). Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Detailed factual allegations are not required, but merely providing "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). A complaint fails to state a plausible claim for relief if it provides only the "mere possibility of misconduct" or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678–79 (citations omitted). Although a court is obligated to construe the pleadings of a pro se litigant liberally, "it may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).

Here, Plaintiff does not state a claim on which relief may be granted. Plaintiff seems to allege that Defendant Erik Kolberg engaged in healthcare fraud by falsely billing Medicare for an appointment that he did not attend. ECF No. 1 at 2. However, Plaintiff's conclusory and bare allegations without specific facts do not provide sufficient basis for a cognizable claim on which relief may be granted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

## IV. CONCLUSION

For the reasons set forth above, the Court orders the following:

1. Plaintiff's Motion for IFP (ECF No. 2) is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED with leave to amend** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. If Plaintiff believes he can state a cognizable claim for relief, he shall file an Amended Complaint on or before **<u>September 17, 2024</u>**. Plaintiff shall include the words AMENDED COMPLAINT in the caption on the first page. The Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See*

S.D. Cal. CivLR 15.1; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (citation omitted) ("[A]n amended pleading supersedes the original.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: August 27, 2026

Honorable Linda Lopez
United States District Judge